FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2009 JUN 15 AM 10: 38

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

UNITED STATES OF AMERICA

v.

WESLEY KENNETH McVAY

CASE NO. 6:09-cr-97-ORL-31-GJK
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(d) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

## INFORMATION

The United States Attorney charges:

### COUNT ONE

On or about June 16, 2007, in Orange County, Florida, in the Middle District of Florida,

**WESLEY KENNETH McVAY**

the defendant herein, having been convicted of a crime punishable by imprisonment for

a term exceeding one year, that is:

1.  On October 6, 1998, two convictions for **Sexual Assault**, in the District Court of McLennan County, Texas, Case Number 98-380-C; and

2.  On August 23, 2005, a conviction for **Failure to Register as a Sex Offender**, in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case Number 05-0004805-O,

did knowingly possess in and affecting interstate and foreign commerce a firearm and

ammunition, and did knowingly receive a firearm which had been shipped and

transported in interstate and foreign commerce, that is: a Smith & Wesson, .38 caliber

revolver, serial number CJW4267.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## FORFEITURES

1.     The allegations contained in Count One of this Indictment are hereby

realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant

to the provisions of Title18, United States Code, Section 924(d) and Title 28, United

States Code, Section 2461(c).

## WESLEY KENNETH MCVAY

the defendant herein, shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all

firearms and ammunition involved in the commission of the offense.

2.     If any of the property described above, as a result of any act or omission

of the defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the Court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property, which cannot be divided
            without difficulty.

the United States of America shall be entitled to, and shall pursue, forfeiture of

substitute property under the provisions of Title 21, United States Code, Section 853(p),

as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

A. BRIAN ALBRITTON
United States Attorney

By: _____

Vincent S. Chiu
Assistant United States Attorney

By: _____

Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

3